UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MELODI NAVAB-SAFAVI<br>10500 Rockville Pike<br>G21<br>Rockville, Maryland 20852-3315 | ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No.: |
| BROADCASTING BOARD OF<br>GOVERNORS<br>330 Independence Ave., SW<br>Washington, DC 20237 | ) ) ) ) ) ) | |
| and | ) ) | |
| JAMES K. GLASSMAN<br>U.S. Department of State<br>2201 C Street, N.W.<br>Washington, D.C. 20520 | ) ) ) ) ) | |
| and | ) ) | |
| JOAQUIN F. BLAYA<br>330 Independence Ave., SW<br>Washington, DC 20237 | ) ) ) ) | |
| and | ) ) | |
| BLANQUITA W. CULLUM<br>330 Independence Ave., SW<br>Washington, DC 20237 | ) ) ) ) | |
| and | ) ) | |
| D. JEFFREY HIRSCHBERG<br>330 Independence Ave., SW<br>Washington, DC 20237 | ) ) ) ) ) | |
| and | ) ) | |

EDWARD E. KAUFMAN                              )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
                                               )
and                                            )
                                               )
MARK McKINNON                                  )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
and                                            )
                                               )
STEVEN J. SIMMONS                              )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
and                                            )
                                               )
CONDOLEEZZA RICE                               )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
and                                            )
                                               )
JANICE H. BRAMBILLA                            )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
and                                            )
                                               )
MARY POGGIOLI                                  )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
                                               )
and                                            )
                                               )
                                               )
WAYNE D. GREENE                                )
330 Independence Ave., SW                      )
Washington, DC 20237                           )
                                               )
and                                            )
                                               )
GARY C. HOSFORD                                )

330 Independence Ave., SW       )
Washington, DC 20237           )
                                         )
and                                  )

SHEILA GANDJI              )
330 Independence Ave., SW       )
Washington, D.C. 20237          )
                                         )
                                         )
Defendants                 )
_____)

## **COMPLAINT**

### **Jurisdiction**

1. The Broadcasting Board of Governors (BBG) and the individual defendants named herein are entrusted with the responsibility of promoting the fundamental principles of democracy to people around the world. These defendants willfully and maliciously used the power of their positions to punish plaintiff Melodi Navab-Safavi, a contractor with an exceptional record of providing translation and other services to BBG, because of her appearance in a peace video protesting the war in Iraq, and because she is Iranian. Ms. Navab-Safavi was considered "by far one of the best translators in the Persian Service," but after the Board of Governors met and reviewed the video, and judged it to be "anti-American," defendants terminated her contract with the BBG. Plaintiff was speaking purely as a private person on a matter of great public importance. These actions flagrantly violated her rights to freedom of speech and equal protection of the law under the First and Fifth Amendments of the United States Constitution. This lawsuit, arising under 28 U.S.C. § 1331, seeks redress in the form of declaratory and

injunctive relief (from defendant BBG) and monetary relief (from all other defendants) for these injuries.

## Parties

2. Plaintiff, Melodi Navab-Safavi, is a citizen of the United States, who was born in Iran. Ms. Navab-Safavi resides in Maryland. She began providing services as a contractor to defendant BBG in July 2004, until her contract was terminated on July 19, 2007.

3. Defendant BBG is a federal agency charged with overseeing all U.S. government and government-sponsored, non-military, international broadcasting services.

4. Defendant Glassman was at all times relevant to this lawsuit, Chairman of the Board of Governors of defendant BBG. He is sued in his individual capacity for participating in and/or condoning the retaliatory and discriminatory conduct challenged herein. Defendants Blaya, Cullum, Herschberg, Kaufman, McKinnon and Simmons were at all times relevant to this lawsuit, Governors of defendant BBG. They are sued in their individual capacities for participating in and/or condoning the retaliatory and discriminatory conduct challenged herein. Defendant Condoleezza Rice is, and at all times relevant to this lawsuit was, the Secretary of State and an *ex officio* member of the Board of Governors. She is sued in her individual capacity for participating in and/or condoning the retaliatory and discriminatory conduct challenged herein. Defendants Brambilla, Poggioli, Greene, Hosford, and Gandji were at all times relevant to this lawsuit, officials employed with the BBG. They are sued in their individual capacities

for participating in and/or condoning the retaliatory and discriminatory conduct challenged herein.

**Facts**

5.  Melodi Navab-Safavi entered into a contract with defendant BBG to provide translation and other assigned services to the Voice of America's (VOA's) Persian Service in July 2004.  The Persian Service produces news programs, features and talk shows that air approximately six hours each day, and at all times relevant to this lawsuit, engaged twenty or more independent contractors for VOA productions.  Ms. Navab-Safavi -- fluent in English, Farsi, Norwegian and Swedish -- was one of these translators. The vast majority of her work was to translate material for VOA productions from English into Farsi and to provide voice-over services (reading copy that was already approved by an editor).  From the beginning of her contract until June 2006, Ms. Navab-Safavi worked for VOA's radio broadcast.  From June 2006 until her termination she worked on VOA's television broadcasts primarily as a translator and also providing technical support for the production of newscasts.  Ms. Navab-Safavi never appeared on a VOA television broadcast, except on one occasion when her band was featured, and she was interviewed as a guest.

6.  All of Ms. Navab-Safavi's work, whether as a translator, or in voice-over or other production services, was carefully reviewed by a VOA editor or producer.

7.  Ms. Navab-Safavi performed these duties in a consistently outstanding manner, leading VOA and defendant BBG to repeatedly renew her contract.  One of the VOA managers frequently overseeing her work was Joy Wagner.  Wagner described Navab-Safavi as "by far one of the best translators in the Persian Service and has a

superior narrating voice. . . . Melodi's work habits are impeccable, but above all she is a team player; NEVER causes problems, is always cooperative and willing to help." Amy Katz, an Executive Producer in VOA's Persian News Network, described Navab-Safavi as follows: "her work and work ethic are excellent on all levels. . . In her work here at VOA, she was called upon primarily to translate from English to Farsi. Her translation and writing won rave reviews from our editors, as did her ability to adapt the printed word for television. Her upbeat attitude, radiant smile and team spirit make her a pleasure to have around." Another VOA manager raved that "I have nothing but praise for her acumen, intelligence, thoroughness and honesty" and lamented "if I had the authority, I would rehire her immediately."

8. On June 26, 2007 (less than three weeks before her contract was summarily terminated) BBG again renewed Ms. Navab-Safavi's contract and authorized additional funds to be paid pursuant to the contract.

9. At no time prior to being informed that her contract had been summarily terminated did the VOA, BBG or any defendant herein ever indicate that plaintiff's performance was less than fully satisfactory, or that her services would no longer be required. To the contrary, many agents of defendant BBG spoke with plaintiff about maintaining a long-term relationship with the agency.

10. Ms. Navab-Safavi is a member of a pop band named Abjeez, all of whose members, besides Ms. Navab-Safavi, reside in Sweden. Abjeez, which has been banned in Iran, makes songs and videos regarding, among other things, women's rights and other social problems in Iran.

11.  VOA managers were aware of, and indeed, encouraged Ms. Navab-Safavi's participation in the band, and had even broadcasted Abjeez's videos on occasion during her tenure as a contractor with the agency.

12.  Ms. Navab-Safavi never used VOA facilities or resources in any of her band's activities.

13.  In early July 2007, Abjeez produced a peace video called DemoKracy, which protested U.S. involvement in the Iraq War, and contained video footage of wounded U.S. soldiers, U.S. flag-draped coffins, as well as brutal injuries and deaths suffered by Iraq's civilian population during the war.  Ms. Navab-Safavi appeared in this video, which was posted on YouTube on July 9, 2007.

14.  As was her custom in all Abjeez productions, Ms. Navab-Safavi used no VOA resources to make this film, and participated in its production only during non-work hours and on her days off.  The song that accompanies the video does not mention VOA, the video does not portray any VOA activity or employee, and none of the artists' names or their professional affiliations are included in the video.  The video appears only on public internet domains, such as YouTube; it has not been commercially distributed or sold.  In a September 12, 2007 letter regarding the DemoKracy video to Senator Barbara A. Mikulski, VOA wrote "[w]e are satisfied that all production was accomplished off-site, and that no VOA resources were utilized."

15.  When she appeared in the DemoKracy video, Ms. Navab-Safavi was speaking strictly as a private person expressing her opinion about a matter of great public importance -- the United States' involvement in the Iraq War.  In the September 12 letter to Senator Mikulski, VOA conceded that it considered the DemoKracy video to be

"public speaking on a matter of concern to the Agency." It was also a matter of great

concern to Ms. Navab-Safavi and the public at large, and it was protected speech under

the First Amendment.

16.    When the Board of Governors of defendant BBG learned of the existence of

the DemoKracy video, they convened a meeting to view and discuss it. At that meeting,

members of the BBG expressed their view that the DemoKracy video was "anti-

American."

17.    Upon learning that concerns had been raised about the DemoKracy video,

Ms. Navab-Safavi's direct supervisor, Joy Wagner, wrote to defendant Gandji to clarify

Ms. Navab-Safavi's limited job responsibilities. She stated: "Melodi is not a journalist;

has never tried to be a journalist. She strictly translates news and feature stories. She

does narrate some of the History Channel segments. She has never appeared on-air as an

VOA employee and specifically has asked that we never use her real name on air. We

have honored those requests."

18.    On July 19, 2007, Benjamin Jones Keeling, Staff Director of the Persian

News Network, summoned plaintiff into a meeting with Director of the Persian Service

Sheila Gandji, Wayne D. Greene and Gary C. Hosford. Mr. Hosford informed plaintiff

that "today we are terminating your contract with VOA. We have used your services for

the past three years, but from now on we don't need them any longer." Hosford then

pressured plaintiff to sign a form, on the spot, acknowledging that her services had been

terminated, effective immediately. Plaintiff's then current contract had not expired, and

(as previously mentioned) defendant BBG had again just recently renewed the contract

and provided dedicated funding for it.

19. BBG terminated the contract on July 19, 2007 "effective 12 midnight EST, July 19, 2007." In so doing, BBG breached the provision of the contract requiring that termination be "by prior written notice, received at least 30 days before the effective date of termination." Defendant had not intended to terminate the contract prior to learning of plaintiff's involvement in the DemoKracy video, but decided to do so immediately, solely because of the video.

20. Plaintiff returned to her office to pack her belongings and to say goodbye to colleagues she had worked with over the past three years. When she returned to Gandji's office to sign paperwork relating to the contract termination, Gandji appeared to be very upset, and told plaintiff "Melodi, this situation is very unfortunate. If this had happened in another service, like the Mandarin service, nothing would have happened. But since you are Iranian, working at the Persian service during these sensitive political times with Iran, this has become a disproportionate problem for you."

21. The DemoKracy video first became a "disproportionate problem" when Senator Tom Coburn learned of its existence and, either directly or through his staff, used his influence as a Senator to lobby BBG officials to punish those people affiliated with the video.

22. Plaintiff's husband, Saman Arbabi, is an employee of BBG working in the VOA Persian Service. Mr. Arbabi helped to produce the DemoKracy video, again exclusively on his own time and using his own resources. When Gandji learned of his involvement in the video, she and an official from BBG's Labor Relations office, defendant Mary Poggioli, investigated the circumstances surrounding the making of the video. Gandji and Poggioli then met with Arbabi and told him that even though they had

verified that he had not used any VOA resources to produce the video, BBG management did not want "a scandal on its hands" because it might affect Congressional funding of the agency. Therefore, they pressured Mr. Arbabi to resign. In a second meeting between Mr. Arbabi and defendants Gandji and Poggioli, which occurred on July 18, 2007, Poggioli stated that the Board of Governors had met to discuss the video and had judged it to be "anti-American." Poggioli stated that the Board members "see you as a liability," and Gandji added that Senator Coburn was "leading the attack" to take action against those people involved in producing it. Mr. Arbabi again refused to resign. The next day, his wife's contract with BBG was terminated.

23. In an interview with an agency EEO counselor, Ms. Gandji further conceded that she was "taken aback at the recent anti-war video entitled DemoKracy."

24. Although Ms. Navab-Safavi was told that BBG no longer "needed her services," after she was terminated, defendants repeatedly hired other independent contractors to provide the very same services that plaintiff had performed.

25. Defendants terminated Ms. Navab-Safavi's contract with BBG because of her speech as a private person on a matter of public concern (the Iraq War), and because of her race and ethnicity (Persian) and national origin (Iranian). Defendants acted with malice, and/or in reckless disregard of plaintiff's rights to freedom of speech and equal protection under the law.

26. Ms. Navab-Safavi has suffered significant injuries from defendants' unlawful conduct, including loss of income, loss of property, damage to her reputation, fear, anxiety, humiliation, emotional distress and loss of enjoyment of life.

## VIOLATIONS OF LAW

### COUNT ONE

#### INFRINGEMENT OF PLAINTIFF'S RIGHT TO FREEDOM OF SPEECH IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

27.    Paragraphs 1-26 are realleged.

28.    Defendants' actions, as set forth above, infringed upon plaintiff's right to freedom of speech, in violation of the First Amendment to the United States Constitution.

29.    Defendants' conduct was willful, malicious and taken in reckless disregard of plaintiff's rights, and was intended to, and did, cause her significant harm.

### COUNT TWO

#### INFRINGEMENT OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION UNDER THE LAW IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

30.    Paragraphs 1-26 are realleged.

31.    Defendants' actions, as set forth above, infringed upon plaintiff's right to equal protection under the law, in violation of the Fifth Amendment to the United States Constitution.

32.    Defendants' conduct was willful, malicious and taken in reckless disregard of plaintiff's rights, and was intended to, and did, cause her significant harm.

WHEREFORE, plaintiff requests that this Court:

1) Declare that defendants have violated her rights under the Constitution;

2) Enjoin defendants from further violations of plaintiff's rights;

3) Award plaintiff consequential and compensatory damages in an amount to be proven at trial;

4)  Award plaintiff her costs and reasonable attorneys' fees incurred in this action;

and the claims that necessarily preceded it;

5)  Award such other relief as the Court deems just.

## **JURY DEMAND**

Plaintiff requests trial by jury.

Richard A. Salzman  422497
Carolyn N. Lerner  426254
Heller, Huron, Chertkof
Lerner, Simon & Salzman
1730 M St., NW Suite 412
Washington, DC 20036
(202) 293-8090

Counsel for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

MELODI NAVAB-SAFAVI
1500 Rockville Pike, #G21
Rockville, Maryland  20852-3315

## DEFENDANTS

BROADCASTING BOARD OF GOVERNORS, ET AL.
330 Independence Ave., SW
Washington, DC  20237

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

RICHARD A. SALZMAN, (422497)
CAROLYN N. LERNER (426254)
Heller, Huron, Chertkof, Lerner, Simon & Salzman
1730 M Street, NW, Suite 412
Washington, DC 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ◉ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Constitutional claims under First and Fifth Amendment , 28 U.S.C. Section 1331

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** $300,000   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 7/17/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.